UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BEVERLY MOORE, et al., ) | |
| ) | Case No. 1:07-CV-01106 |
| Plaintiffs, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, et al., ) ) | |
| ) | MEMORANDUM AND ORDER |
| Defendants. ) | |
| ) | |

Before the court is defendants U.S. Bank National Association ("US Bank") and Select Portfolio Servicing, Inc.'s ("SPS") motion for judgment on the pleadings [Docket No. 7] on the claims in plaintiffs Beverly and Ralph Moore's (collectively, the "Moores") complaint. For the following reasons, the court grants US Bank and SPS's motion and dismisses all claims against them with prejudice.

**I. Background**

In February 2005, US Bank filed an action against the Moores in the Cuyahoga County Court of Common Pleas. The Moores had borrowed funds to purchase their home, and that mortgage passed in due course to US Bank; the Moores had fallen behind in mortgage payments, and US Bank chose to file for foreclosure. The Moores answered that complaint and filed counterclaims and a third-party complaint against US Bank and SPS in March 2005. The claims against US Bank and SPS before the Ohio state court included three federal claims and one Ohio state law claim, seeking rescission of the mortgage and treble damages for excessive fees and other charges, as well as alleged unfair, deceptive and unconscionable trade practices. In February 2007, the Cuyahoga County Court of Common Pleas granted summary judgment in US Bank's favor, issuing a decree of foreclosure against the Moores, and specifically dismissed the Moores' claims against US Bank and SPS with prejudice.

In March 2007, the Moores filed the complaint in this matter in the Cuyahoga County Court of Common Pleas, and US Bank and SPS removed the action to this court in April 2007. The instant complaint states claims against US Bank and SPS under many of the same legal theories as the counterclaims and third-party claims filed in March 2005, arising out of alleged unfair, deceptive and unconscionable practices both in granting the loan and mortgage to the Moores and in servicing it. The alleged overcharging and wrongful charging of fees and abusive practices by US Bank and SPS form the basis of the Moores' putative class action complaint.

## II.     Discussion

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same standard applied to motions to dismiss for failure to state a claim filed under Rule 12(b)(6). *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999) (citations omitted). Under that standard, a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997). The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citation omitted). As the Moores have not filed an opposition to the defendants' motion for judgment on the pleadings, even thought the court granted an extension of time for them to do so, the court will treat the motion as unopposed. N.D. OHIO CIV. R. 7.1(g).

A federal court must give a state court judgment the same preclusive effect it would have in the

courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002) (citation omitted). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is "'conclusive as to all claims which were or *might have been* litigated in a first lawsuit.'" *Nat'l Amusements, Inc. v. Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) (quoting *Rogers v. City of Whitehall*, 494 N.E.2d 1387, 1388 (Ohio 1986)) (emphasis added). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.* This includes all claims logically related to and arising from the same transactions as those in the first action. *Rettig Enters., Inc. v. Koehler*, 626 N.E.2d 99, 102-03 (Ohio 1994) (citations omitted). The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

In this case, the alleged acts and behavior of US Bank and SPS both in granting the loan and mortgage to the Moores and in servicing that loan and mortgage have been litigated in Ohio state court, in the counterclaims and third-party claims raised by the Moores in March 2005. That Ohio state court dismissed the Moores' claims with prejudice, and this court is bound to give full faith and credit to the decision of that court in the same way an Ohio court would. The court finds that the Moores' claims against US Bank and SPS in the instant case are all at least logically related to and arise from the same transactions as the claims made previously, and are therefore barred by *res judicata*. The court must therefore grant US Bank and SPS's motion and dismiss all claims against US Bank and SPS with prejudice. As the Moores no longer possess claims against either US Bank or SPS, they cannot represent any putative class action against those parties, and US Bank and SPS are therefore dismissed

-3-

from this action. *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) (citations omitted).

### III. Conclusion

For the foregoing reasons, the court grants US Bank and SPS's unopposed motion for judgment on the pleadings [Docket No. 7], dismisses all claims against US Bank and SPS with prejudice, and dismisses US Bank and SPS from this case. The Moores are directed to contact the court to schedule a case management conference concerning their remaining claims against the remaining defendant, Vladimir Khutoryan.

IT IS SO ORDERED.

   /s/Ann Aldrich  
ANN ALDRICH  
UNITED STATES DISTRICT JUDGE

**Dated: August 17, 2007**